PER CURIAM.
The judgment of the court of appeal is reversed, and the ruling of the district court denying the defendant’s motion to quash for lack of jurisdiction is reinstated. Because the boundary between the parishes of Rapides and Grant has never been fixed pursuant to La.Rev.Stat. 50:221 et seq., a matter that is currently pending in a civil action between the parishes, the district court did not abuse its discretion in relying on secondary sources to determine jurisdiction under the doctrine of “l’erreur commune fait le droit,” or “common error.” See State v. Beard, 249 La. 811, 191 So.2d 631, 633 (1966); State v. Malone, 134 La. 779, 64 So. 711, 713 (1914). The district court did not abuse its discretion in disallowing introduction of disputed or incomplete surveys that had been commissioned at the behest of the now feuding parishes. Nor was fixing of the boundary necessary in this case, because the secondary evidence introduced at the hearing was sufficient to establish by a preponderance that the crime had been committed in an area that the residents and the local authorities, *742 in this case the respective sheriffs offices and tax assessors, believed to be located wholly within Rapides Parish. See Beard, 191 So.2d at 634.
REVERSED; DISTRICT COURT JUDGMENT REINSTATED; REMANDED